HERGET, Judge.
Plaintiffs, the minor children of Dalton and Lucy LeBouef, through their tutor, Adley Mayon, instituted this action for the alleged wrongful death of their parents in an automobile collision. The case was assigned for trial for November 19, 1962, at which time it was disclosed Plaintiffs’ tutor had died subsequent to filing suit and no additional tutor had been appointed to represent the minors. When confronted with a motion for continuance made by counsel for Plaintiffs, the Trial Judge, upon ascertaining no tutor had been appointed, concluded :
“ * * * Under these circumstances, the Court feels that it must, in its discretion, continue the case with the understanding by counsel for the plaintiffs that they will exert every effort not to delay this case for one minute more than is necessary.”
The Court then ordered the case continued until Monday, February 4, 1963. On that date no tutor had been appointed and the case was not tried.
On August 28, 1963 counsel for Defendants filed a motion to dismiss wherein it was alleged that a check of the Clerk of Court’s office revealed no tutorship proceedings had been instituted on behalf of the minors, and that Defendants, accordingly, moved to dismiss Plaintiffs’ cause of action with1 prejudice at their costs in accordance with the provisions of LSA-C.C.P. Article 1671 et seq.
LSA-C.C.P. Art. 1672 provides:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to *286 appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
On the same date, August 28, 1963, the Trial Court signed an ex parte judgment dismissing Plaintiffs’ suit with prejudice at Plaintiffs’ costs.
On oral motion, in open court, December 2, 1963 counsel for Plaintiffs moved for and was granted a devolutive appeal to this Court from the judgment dismissing the suit.
The matter is before this Court at this time on a motion to dismiss the appeal, filed by counsel for Defendants in this Court, wherein it is set forth that Adley Mayon, the duly qualified tutor of the •minors, Shirley Jane LeBouef, Stephanie Ann LeBouef and Christine LeBouef, died some time during the month of June, 1962 and that no one has been qualified to represent the minors in the proceedings instituted in the lower court or for the purposes of this appeal and as there is no ■one who could represent them in this appeal or in any other civil procedure, prayed ■that the appeal be dismissed at the costs of appellants.
LSA-C.C.P. Art. 683 provides in part:
“An unemancipated minor does not have the procedural capacity to sue.”
LSA-C.C.P. Art. 2084 provides:
“A legal representative may appeal any appealable judgment rendered against him or affecting the property which he is administering, for the benefit of the person whose property he administers or whom he represents, whenever he considers an appeal necessary or advisable.”
LSA-C.C.P. Art. 5251(10) provides:
“(10) ‘Legal representative’ includes an administrator, provisional administrator, administrator of a vacant succession, executor, dative testamentary executor, tutor, administrator of the estate of a minor child, curator, receiver, liquidator, trustee, and any officer appointed by a court to administer an estate under its jurisdiction.”
An attorney, per se, is not listed as one authorized to appeal as a legal representative of a minor. From the record it is apparent, therefore, the judgment of dismissal and the appeal therefrom are invalid inasmuch as the minors were unrepresented in the proceedings.
For these reasons the appeal is dismissed. Costs to be assessed upon the final adjudication of the case.